UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOEL STEVEN SPIGELMAN, ) | |
| ) | |
| Plaintiff, ) | Civil No. 12-104-GFVT |
| ) | |
| V. ) | |
| ) | |
| CHARLES E. SAMUELS, Jr., et al., ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Joel Steven Spigelman is an inmate confined in the United States Penitentiary in Coleman, Florida. Proceeding without an attorney, Spigelman has filed a civil rights complaint [R. 1] and amended complaint [R. 8] asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") § 3 *et seq*., 42 U.S.C.A. § 2000cc–1, *et seq*. By prior order, the Court has granted Spigelman's motion to pay the filing fee in installments. [R. 7]

The Court must conduct a preliminary review of Spigelman's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Spigelman's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court must dismiss it without prejudice because Spigelman has not exhausted his administrative remedies.

Prior to his transfer to USP-Coleman, Spigelman was confined in USP-McCreary, located in Pine Knot, Kentucky. Spigelman, who describes himself as "an observant Jewish male," alleges that while he was confined in USP-McCreary's segregated housing unit between November 9, 2011, and January 12, 2012, the defendants violated his First Amendment right to observe his religious beliefs, and his rights guaranteed under the RLUIPA, by denying him permission to wear certain religious articles collectively known as a "tefillin," which observant Jews wear during weekday morning prayers. [R. 1 at 9] A tefillin consists of a set of small black leather boxes containing scrolls of parchment inscribed with verses from the Torah. The hand-tefillin, or *shel yad*, is placed on the upper arm, and the strap wrapped around the arm, hand and fingers, while the head-tefillin, *shel rosh*, is placed above the forehead. Spigelman alleges that wearing a tefillin is a "cornerstone" of Jewish faith, and that the defendants violated Bureau of Prisons ("BOP") policy which permits Jewish prisoners to wear a tefillin.

Spigelman states that he submitted an informal grievance concerning his religious claim, but that the prison staff did not respond to it; then he submitted a formal grievance complaining about the issue, but he received no response. [R. 1 at 4-5.] He appealed to neither the BOP's

2

Regional nor Central Offices because he "did not receive any response nor copy of my grievance." [*Id.* at § III(A)(3)(b) (as to the BOP Regional Office) and (4)(b) (as to the BOP Central Office)]. Spigelman seeks $360,000 in compensatory damages and unspecified punitive damages.

Spigelman's First Amendment claims must be dismissed without prejudice because it is apparent from the face of his complaint that he failed to fully exhaust those claims prior to filing this action on June 4, 2012. Federal law requires state and federal prisoners to exhaust all available administrative remedies before filing suit to challenge any aspect of their prison conditions. 42 U.S.C. § 1997e(a). Federal prisoners must follow the BOP's four-tiered administrative remedy process set forth at 28 C.F.R. §§ 542.10-542.19.

Here, Spigelman states that he abandoned the exhaustion process at both the second and third levels because he allegedly received no response to his request for a formal remedy (BP-9) from the Warden of USP-McCreary.¹ The BOP regulation which governs responses to inmate grievances states that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at

---

¹ It is unclear whether Spigelman actually submitted a "Request for Administrative Remedy" using the BP-9 form as required by 28 C.F.R. § 542.14(a). In his amended complaint, Spigelman alleges that on March 15, 2012 he mailed an "Affidavit" to USP-McCreary Warden Ives and USP-McCreary Counselor Partin and he "never received a rebuttal of affidavit from Warden Ives or from Counselor Partin." [R. 8-4, p. 37; referring to his "Affidavit" filed as R. 8-4, pp. 38-41]

In his amended complaint, Spigelman alleges that officials at both USP-Coleman and USP-McCreary refused to provide him with the proper BOP grievance forms, although he did not allege that fact in his original complaint. But accepting that allegation as true, and assuming that Spigelman's March 15, 2012 "Affidavit" constituted a valid BP-9 requesting for a formal remedy from the Warden of USP-McCreary, the fact remains that Spigelman admitted that he did not appeal to the Mid-Atlantic Regional Office thirty days after the Warden's time to respond

3

that level." 28 C.F.R. § 542.18. Because federal law requires prisoners to fully and properly exhaust their claims prior to bringing suit, Spigelman should have considered the lack of response to his formal grievance as a denial of his request and pursued readily available relief by appealing to the BOP's Mid-Atlantic Regional Office within thirty days from the date on which the Warden's response to his formal remedy request was due. Spigelman's failure to adhere to § 542.18 renders his claims unexhausted. *Johnson v. Townsend*, No. 07-cv-173, 2007 WL 2407267, at *3 (E.D. Ky. Aug. 20, 2007); *Rufus v. Bailey*, No. 5:08-cv-240, 2009 WL 3215227, at *5-6 (S.D. Miss. Sept. 30, 2009).

As the Supreme Court has explained, administrative remedies must be exhausted "properly," which means going through all steps that the agency requires, obeying all directions, and meeting all deadlines set by the administrative rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Spigelman candidly admits in his complaint that he did not do so, rendering dismissal of his complaint without prejudice appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *see also Fletcher v. Myers*, No. 5:11-141 (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.");

---

expired.

Spigelman's First Amendment and RLUIPA claims will accordingly be dismissed without prejudice.[2] If Spigelman completes the administrative remedy process concerning those claims, he may file a new *Bivens* action without incurring liability for a new filing fee, but only if he asserts claims identical to those asserted here. *Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006).

Accordingly, **IT IS ORDERED** that:

1. Joel Steven Spigelman's complaint [R. 1] and amended complaint [R. 8] are **DISMISSED WITHOUT PREJUDICE**.

2. Spigelman's motion for order [R. 16] is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This action is **STRICKEN** from the active docket.

This 14th day of January, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

[2] Whether the RLUIPA allows damages to be awarded against federal officials sued in their individual capacities is an open question, but the majority of district courts in this circuit have held that individual capacity claims are not authorized by the RLUIPA. *Cf. Aladimi v. Hamilton County Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *18 (S.D. Ohio Feb. 1, 2012).

5