UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOEL STEVEN SPIGELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-104-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES E. SAMUELS, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Joel Steven Spigelman, proceeding without an attorney, has filed a "Motion for Reconsideration" [R. 19] of the Order dismissing his civil rights complaint. For the reasons set forth below, Spigelman's motion will be denied.

**I**

In June, 2012, Spigelman filed this civil proceeding under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Spigelman, an observant Jewish inmate, alleged that his federal constitutional rights were violated while he was confined in the United States Penitentiary (USP)-McCreary in Pine Knot, Kentucky. Spigelman also alleged violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc.

Spigelman alleges that while he was confined in USP-McCreary's segregated housing unit between November 9, 2011, and January 12, 2012, defendants violated his First Amendment right to observe his religious beliefs and his rights guaranteed under the

RLUIPA. The violation arose out of defendants' refusal to permit him to wear certain Jewish religious articles collectively known as a "tefillin."[1] In his complaint and amended complaint, Spigelman admitted that he did not file a BP-10 administrative appeal to the Bureau of Prisons (BOP) Regional Office. He justified this lack of action on the Warden of USP-McCreary's previous decision not to respond to Spigelman's BP-9 request for a formal remedy. [R. 1, p. 4, § III(A)(3)(a)-(b); R. 8-4, p. 37]

On January 14, 2013, the Court entered a Memorandum Opinion and Order (MOO) [R. 17] dismissing this action because it was apparent from the face of the complaint that Spigelman had not fully exhausted his claims prior to filing this action. *See* 28 C.F.R. §§ 542.10-19. The Court explained that even accepting as true Spigelman's statement that he received no response from the Warden as to his BP-9 remedy request, Spigelman should have (1) treated the Warden's alleged failure to respond as a denial of his request, and (2) filed an appeal with the BOP's Mid-Atlantic Regional Office ("MARO"). [R. 17, pp. 3-4]

The dismissal of Spigelman's complaint was without prejudice to Spigelman's filing another civil action after he completed the administrative remedy process concerning those claims. The Court expressly informed Spigelman that if he filed a new civil action and asserted the same claims alleging the violation of his religious rights, he might be entitled to a waiver of the $350.00 filing fee in the new action pursuant to *Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). [*Id.*, p. 5]

---

[1] A tefillin consists of a set of small black leather boxes containing scrolls of parchment inscribed with verses from the Torah. Many observant Jews wear a tefillin during their weekday morning prayers.

Spigelman now seeks reconsideration of the Opinion and Order under Federal Rule of Civil Procedure 59(e), arguing that his case was improperly dismissed. Spigelman states that because the Warden of USP-McCreary refused to provide him with the form necessary to file a BP-10 appeal to the MARO, he was unable to proceed further with the BOP administrative remedy process. [R. 19, pp. 2-3]. Spigelman asks the Court to set aside the Opinion and Order and reinstate his case.

On April 8, 2013, however, Spigelman filed a new *Bivens* action in this Court, asserting the same claims and naming the same defendants that he named in this proceeding. *Spigelman v. Samuels*, No. 6:13-CV-74-GFVT (E.D. Ky. 2013). In his new complaint, Spigelman alleges the same violations. [R. 1, therein] This action is currently pending before the undersigned.

## II

Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

Spigelman cannot satisfy the first criterion of Rule 59(e) because the Court did not erroneously apply the law concerning an inmate's admitted failure to exhaust. In his original June 4, 2012, complaint, Spigelman was asked if he filed an appeal to the BOP Regional Director, and he responded "No." [R. 1, p. 4, § III(A)(3)(a)] Spigelman was asked in that document to explain why he did not appeal to the BOP Regional Director. In response, Spigelman stated, "Did not receive copy of grievance or reply." [*Id.*, § III (A)(3)(b)] Even if the Warden did not reply to his BP-9 remedy request, Spigelman was not prevented from further exhausting his claims. As explained in the Opinion an Order, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." [*Id.*, p. 3, citing 28 C.F.R. § 542.18. 28]

In his original complaint, Spigelman had an opportunity to explain in detail his reasons for not appealing to the Regional Director, but Spigelman said nothing about Warden Ives' allegedly not providing him with the proper appeal form. Buried on page 40 of a 49-page attachment to his amended complaint, Spigelman made this statement: "Warden Ives responded to BP9 but refused to give inmate a copy of BP8. Inmate was in SHU. Also failed to give inmate BP-10 to Region." [R. 8, p. 40, ¶ 5]

Notably, Spigelman alleged neither that he requested a BP-10 appeal form from Warden Ives nor that Warden Ives refused to give him an appeal form. As explained in the Opinion and Order, Spigelman's vague and ambiguous comment about Warden Ives' alleged "failure" to provide him with the BP-10 appeal form, in light of not having mentioned such a

4

relevant issue in his original complaint, was simply inadequate to excuse his admitted failure to exhaust his claims.

Thus, the Court properly dismissed Spigelman's complaint on initial review because it was obvious from the face of the complaint that Spigelman had not exhausted his claims. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Newson v. Steele*, 2010 WL 3123295, at *4 (E.D. Mich. July 1, 2010); *White v. Warren*, 2009 WL 276950, at *7 n .1 (E.D. Mich. Feb. 5, 2009). As for the other criteria set forth in Rule 59(e), Spigelman fails to point to an intervening change in the law or previously unavailable or newly discovered evidence.

Finally, the dismissal of Spigelman's complaint and amended complaint does not result in manifest injustice. The Court instructed Spigelman that he could file another civil rights action asserting his First Amendment and RLUIPA claims without having to pay another $350.00 filing fee. Spigelman has done just that. As Spigelman is currently proceeding with the same claims in Case No. 6:13-CV-74-GFVT, and as he will not be required to pay another $350.00 filing fee in that action pursuant to *Owens*, 461 F.3d at 772-73, Spigelman has not been prejudiced in any manner by the dismissal of this proceeding.

### III

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED** that Joel Steven Spigelman's "Motion for Reconsideration" [R. 19] is **DENIED**.

This 7th of May, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge